# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JANE DOE "A," ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | 3:17-cv-00679-GMB |
| D & J ENTERPRISES, INC., d/b/a DCJ ) | |
| RANCH; ANDREW CALVIN ) | |
| WHATLEY; RICHARD D. STARR; and ) | |
| JAMES L. STARR, individually, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

COMES NOW Plaintiff, Jane Doe "A", by and through her attorneys, and, pursuant to Rule 59(a), Fed. R. Civ. Proc., moves this Court to alter that portion of its Memorandum Opinion and Order, entered February 16, 2018 (Doc. 41), dismissing Plaintiff's Title VII retaliation claim. (Doc. 41, p.10.) In support of this motion, Plaintiff states as follows:

1. Rule 59(a) permits a party to file a motion to alter or amend a judgment for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court. While the Rule, itself, does not provide a standard, the usual formulation of the standard to be applied when deciding a motion to alter or amend is that such a motion

may be granted if there is newly discovered evidence or manifest errors of law or fact. *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999); *Arthur v. King*, 500 F.3d 1335, 1344 (11th Cir. 2007).

2. This Court dismissed Plaintiff's Title VII retaliation claim stating: "Even accepting the truth of Doe's allegations, these acts cannot constitute adverse employment actions because they occurred well after Doe's employment with D&J had ended. *See, e.g., Wexler v. Kennesaw Prediatrics* [sic]*, P.C.*, 2017 WL 3034734 at *15 n. 9 (N.D. Ga. May 2, 2017) (explaining that any action occurring after the plaintiff's employment ended 'necessarily was not an adverse employment action')."

3. The Court's conclusion as to Doe's retaliation claim is erroneous as a matter of law.

4. Title VII protects two different types of activity from retaliation: opposing any practice made an unlawful employment practice by Title VII, or participating in any manner in an investigation, proceeding, or hearing under Title VII.

5. Plaintiff alleged that after her memory returned she complained to the police about being raped by Whatley while at work. That complaint qualifies as opposition to a practice made unlawful by Title VII. *Cf. Hines v. Town of Vonore*, 912 F.Supp.2d 628, 646 (E.D. Tenn. 2012); *Lindsey v. Clatskanie People's Utility District*, 140 F.Supp. 3d 1077, 1087 (D. Oreg. 2015) (opposition clause protects

information opposed to perceived discrimination).

6. Plaintiff's EEOC charge, filed with the EEOC on October 14, 2015, also qualifies as a precondition for her "participation" claim. Her charge was filed within 180 days of the specific acts alleged in paragraph 63 of her complaint.

7. In her Complaint, Plaintiff alleges that Defendants took various adverse actions against her because she complained to the police and filed the charge with the EEOC.

8. After filing her criminal complaint, both Whatley and Dick Starr began retaliating against Plaintiff by defaming Plaintiff and by stalking her. (Doc. 1: ¶¶ 61-66.) This retaliatory conduct began in August 2014 and continued until February 2016.

9. Plaintiff's charge was filed on October 14, 2015, within 180 days of the most recent act of retaliation described in her charge (and prior to some of the subsequent acts.)

10. The Supreme Court noted, in *Burlington Northern and Sante Fe Ry. Co. v. White*, 548 U.S. 53, 63 (2006) that "[a]n employer can effectively retaliate against an employee by taking actions not directly related to his employment or by causing him harm *outside* the workplace." This led the Court to hold that "Title VII's substantive provision and its antiretaliation provision are not coterminous. The scope of the antiretaliation provision extends beyond workplace-related or employment-related

retaliatory acts and harm." *Id.* at 67.

11. *Wexler v. Kennesaw Pediatrics, P.C.*, 2017 WL 3034734 (N.D. Ga. 2017), relied upon by this Court in dismissing Plaintiff's retaliation claim, was not a retaliation case but rather an action brought under Title VII's substantive provision only. *Id.* at * 12. Footnote 9, relied upon by this Court, while appropriate to the Court's analysis in *Wexler*, is not relevant to the analysis of a retaliation claim.

12. Before the Supreme Court's decision in *Burlington Northern*, the Seventh Circuit held that former employees, "in so far as they are complaining of retaliation that impinges on their future employment prospects or otherwise has a nexus to employment, have the right to sue their former employers for retaliation. *Veprinsky v. Fluor Daniel, Inc.*, 87 F.3d 881, 891 (7th Cir. 1996).

13. *Burlington Northern* modified and expanded the Seventh Circuit's standard. *Burlington Northern*, 548 U.S. at 67-68: a plaintiff must show that a reasonable person would have found the challenged action materially adverse, that is, one that well might dissuade a reasonable worker from making or supporting a charge of discrimination. The Court noted that the significance of an allegedly retaliatory act depends on the context of the act, and a specific action may be materially adverse in some situations but immaterial in others. *Harris v. Florida Agency for Health Care Admin.*, 611 Fed. Appx. 949, 952 (11th Cir. 2015) (citing *Burlington Northern*, 548

U.S. at 69). The Eleventh Circuit recognized that *Burlington Northern* strongly suggests that it is for a jury to decide whether anything more than the most petty and trivial actions against an employee should be considered materially adverse to him. *Harris*, 611 Fed. Appx. at 952 (citing *Crawford v. Carroll*, 529 F.3d 961, 973 n. 13 (11th Cir. 2008).

14. Even before the Court's decision in *Burlington Northern*, Courts understood that a former employer can retaliate against a former employee by engaging in conduct after the end of the employment relationship. *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194 (3rd Cir. 1994) (plaintiff could proceed on claim that former employer sought to have former teacher's teaching certificate revoked after she filed a charge of discrimination challenging her termination). After *Charlton*, the Supreme Court would specifically held that the term "employees," as used in Section 704(a) of Title VII (the anti-retaliation provision), includes former employees. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997).

15. Acts of retaliation can take many forms. For example, in *Tolar v. Bradley Arant Boult Cummings, LLP*, 2016 WL 611921 (N.D. Ala. Feb. 16, 2016), the district court considered retaliation claim which, while directed at third-parties, were intended to harm the former employee. In *Tolar*, the defendant Bank was facing a Title VII allegation of sexual harassment. After the employee raised the claim, she was

terminated. The employees father, an attorney, approached the Bank on his daughter's behalf, in an attempt to resolve the dispute. As a result, the Bank took adverse actions against the father, by discouraging third parties from using the father's legal services and by interfering with the father's bankruptcy petition, and against the former employee's father, brother and uncle, by suing them for fraud. *Id*. at *3-4.

16. In *Jackson v. City of Hazlehurst*, 2013 WL 3874765 (S.D. Ga. July 25, 2013), the district court considered a retaliation claim based upon post-EEOC charge stalking. While the district court granted summary judgment to the defendants, it did so recognizing that stalking can, under the proper circumstances, amount to retaliation. *Id.* at *8.

17. The Court's conclusions as to Plaintiff Doe's retaliation claim are erroneous for three reasons: the Court erroneously applied the standard applicable to substantive Title VII claims; the Court erroneously required Plaintiff to allege that the retaliation she suffered was adverse employment action; and the Court erroneously found that Plaintiff could not challenge retaliation that occurred after her employment ended.

18. Doe has alleged that after filing her criminal complaint, in which she alleged that she was raped while at work, Defendant D&J Enterprises, through its agents, have been menacing toward Plaintiff and spreading false rumors about her in the community. This conduct has not only ostracized Plaintiff socially, it interfered with

her ability to obtain work within the community. (Doc. 1, ¶. 66.) These facts are sufficient to state a claim under Title VII.

WHEREFORE, Plaintiff prays that this Court modify the Order entered in this case on February 16, 2018, by reinstating her Title VII retaliation claim and by retaining jurisdiction over her state-law claims.

Respectfully submitted,
  */s/ Charles E. Guerrier*
Charles E. Guerrier
Co-counsel for Plaintiff

**OF COUNSEL:**

HAYNES & HAYNES, P.C.
1600 Woodmere Drive
Birmingham, AL 35226
205-879-0377 Office
Email: scedwards@haynes-haynes.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of February, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert T. Meadows, III
R. Faith Perdue
Capell & Howard, P.C.
3120 Frederick Road, Suite B
Opelika, Alabama 36801.

James Tutt Barrett
P.O. Box 231
Opelika, AL 36803

                                                          */s/ Charles E. Guerrier*
                                                          Charles E. Guerrier
                                                          Co-counsel for Plaintiff