IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JANE DOE "A," )
)
    Plaintiff, )
)
v. ) CASE NO.: 3:17-cv-679-GMB
) [WO]
D&J ENTERPRISES, d/b/a DCJ )
Ranch, *et al.*, )
)
    Defendants. )

## **MEMORANDUM OPINION AND ORDER**

Before the court is a motion to alter or amend judgment filed by Plaintiff Jane Doe "A" ("Doe"). Doc. 44. Doe's motion requests that the court reconsider its dismissal of her Title VII retaliation claim. Having reviewed the motion and the relevant authority, and for the reasons that follow, the court finds that the motion is due to be DENIED.

Reconsideration of a judgment is only appropriate "when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). "Parties cannot use a motion to reconsider to relitigate old matters, to raise new legal arguments that could have been raised earlier, or to present new evidence that could have been presented earlier." *Am. Income Life Ins. Co. v. Google, Inc.*, 2014 WL 4452679, at *3 (N.D. Ala. Sept. 8, 2014) (citing *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005); *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1292 (11th Cir. 2001)). Indeed, "a

motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." *King v. Farris*, 357 F. App'x 223, 225 (11th Cir. 2009) (internal quotation marks omitted).

Doe is challenging the court's dismissal of her Title VII retaliation claim on three grounds: (1) the court incorrectly applied the standard applicable to substantive Title VII claims; (2) the court erroneously required Doe to allege that the retaliation she suffered was an adverse employment action; and (3) the court erroneously found that Doe could not challenge retaliation that occurred after her employment ended. Doc. 44. Upon careful review, the court finds that these arguments do not convince the court that reconsideration and alteration of its February 16, 2018 opinion and final judgment—"an 'extraordinary remedy to be employed sparingly'"—is warranted under the circumstances. *Jones v. Hamic*, 2011 WL 1885834, at *1 (M.D. Ala. May 18, 2011) (quoting *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000)); *see* Docs. 41 & 42.

In dismissing Doe's retaliation claim, the court found that, with respect to her complaints of menacing treatment and other purportedly retaliatory conduct by Defendants Andrew Calvin Whatley and Richard Starr, which continued until February 2016, even accepting those allegations as true, they "cannot constitute adverse employment actions because they occurred well after Doe's employment with D&J had ended." Doc. 41. The court then concluded that, "[w]hile these allegations may give rise to state-law tort claims, they cannot serve as an actionable basis for a Title VII retaliation claim, and they do not transform an untimely Title VII claim into a timely one." Doc. 41. The court did

not elaborate any further on the reasons underlying the dismissal of Doe's Title VII retaliation claim.

Having reviewed this portion of the court's February 16 memorandum opinion and order in conjunction with Doe's motion to reconsider and the benefit of hindsight, the court acknowledges that its explanation for the dismissal of Doe's retaliation claim could have been clearer.[1] The court did not intend to hold, nor did it hold, that a plaintiff like Doe may never challenge retaliatory acts that occurred after his or her employment ended. What the court concluded—and somewhat inartfully conveyed—was that, even assuming Doe's retaliation claim was timely based on the retaliatory conduct of Whatley and Starr that occurred in September 2015 (within 180 days of Doe filing her EEOC charge) and continued through February 2016, her Title VII retaliation claim would still fail as a matter of law because the conduct on which that claim is based is insufficient to state a plausible claim of retaliation.

Defendants' retaliatory conduct as alleged in Doe's complaint consists of the following: (1) Whatley and Starr have "defamed" Doe and her family (Doc. 1 at ¶ 62); (2) Whatley and Starr have been "menacing" towards Doe and her family (Doc. 1 at ¶ 62); (3) Starr "purposefully drives by" Doe's family's house and "slows down while staring" (Doc. 1 at ¶ 62); (4) Starr followed Doe on a county road for over ten miles in September 2015 (Doc. 1 at ¶ 63); (5) in February 2016, Whatley tailgated Doe on Highway 51 even after she tapped her breaks several times to signal him to stop (Doc. 1 at ¶ 64); and (6) Doe

---

[1] The court's dismissal of Doe's retaliation claim is the only finding that she challenges in her motion to reconsider. *See* Doc. 44.

has been "ostracized" and "openly insulted by strangers who have accosted her in public and called her 'disgusting' because of Defendants' false rumors" about her (Doc. 1 at ¶ 66). While these allegations, which the court takes as true, are troublesome, they are simply too vague and amorphous to set forth the type of materially adverse employment action necessary for Doe to state a plausible Title VII retaliation claim.

To begin, Doe filed her EEOC charge on October 14, 2015; thus, the only conduct described above that could support a timely charge would be the claims that Doe was followed while driving in September 2015 and February 2016. But these events occurred more than one year after Doe filed her criminal complaint against Whatley and left her employment with D&J in August 2014, attenuating any significance they may have. Moreover, temporal proximity aside, the conduct Doe describes—some of which is not even attributed to the defendants—does not rise to the level of conduct that would dissuade a reasonable worker from engaging in or supporting activity that is protected under Title VII. *See Murdoch v. Medjet Assistance*, 2018 WL 1121521, at *20 (N.D. Ala. Mar. 1, 2018) ("As defined by the United States Supreme Court in *Burlington Northern*, a materially adverse action is one that is 'harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination.'") (quoting *Burlington N. & Santa Fe R.R. Co. v. White*, 548 U.S. 53, 57 (2006))); *Boyd v. Randolph Cnty. Bd. of Ed.*, 2017 WL 6514695, at *5 (M.D. Ala. Dec. 20, 2017) (holding that the materially adverse action standard for retaliation claims requires that the harm be significant and not trivial). Notably, Doe has not cited to any court decision finding that post-employment

has been "ostracized" and "openly insulted by strangers who have accosted her in public and called her 'disgusting' because of Defendants' false rumors" about her (Doc. 1 at ¶ 66). While these allegations, which the court takes as true, are troublesome, they are simply too vague and amorphous to set forth the type of materially adverse employment action necessary for Doe to state a plausible Title VII retaliation claim.

To begin, Doe filed her EEOC charge on October 14, 2015; thus, the only conduct described above that could support a timely charge would be the claims that Doe was followed while driving in September 2015 and February 2016. But these events occurred more than one year after Doe filed her criminal complaint against Whatley and left her employment with D&J in August 2014, attenuating any significance they may have. Moreover, temporal proximity aside, the conduct Doe describes—some of which is not even attributed to the defendants—does not rise to the level of conduct that would dissuade a reasonable worker from engaging in or supporting activity that is protected under Title VII. *See Murdoch v. Medjet Assistance*, 2018 WL 1121521, at *20 (N.D. Ala. Mar. 1, 2018) ("As defined by the United States Supreme Court in *Burlington Northern*, a materially adverse action is one that is 'harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination.'") (quoting *Burlington N. & Santa Fe R.R. Co. v. White*, 548 U.S. 53, 57 (2006))); *Boyd v. Randolph Cnty. Bd. of Ed.*, 2017 WL 6514695, at *5 (M.D. Ala. Dec. 20, 2017) (holding that the materially adverse action standard for retaliation claims requires that the harm be significant and not trivial). Notably, Doe has not cited to any court decision finding that post-employment

has been "ostracized" and "openly insulted by strangers who have accosted her in public and called her 'disgusting' because of Defendants' false rumors" about her (Doc. 1 at ¶ 66). While these allegations, which the court takes as true, are troublesome, they are simply too vague and amorphous to set forth the type of materially adverse employment action necessary for Doe to state a plausible Title VII retaliation claim.

To begin, Doe filed her EEOC charge on October 14, 2015; thus, the only conduct described above that could support a timely charge would be the claims that Doe was followed while driving in September 2015 and February 2016. But these events occurred more than one year after Doe filed her criminal complaint against Whatley and left her employment with D&J in August 2014, attenuating any significance they may have. Moreover, temporal proximity aside, the conduct Doe describes—some of which is not even attributed to the defendants—does not rise to the level of conduct that would dissuade a reasonable worker from engaging in or supporting activity that is protected under Title VII. *See Murdoch v. Medjet Assistance*, 2018 WL 1121521, at *20 (N.D. Ala. Mar. 1, 2018) ("As defined by the United States Supreme Court in *Burlington Northern*, a materially adverse action is one that is 'harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination.'") (quoting *Burlington N. & Santa Fe R.R. Co. v. White*, 548 U.S. 53, 57 (2006))); *Boyd v. Randolph Cnty. Bd. of Ed.*, 2017 WL 6514695, at *5 (M.D. Ala. Dec. 20, 2017) (holding that the materially adverse action standard for retaliation claims requires that the harm be significant and not trivial). Notably, Doe has not cited to any court decision finding that post-employment

conduct similar to the conduct alleged here is sufficient to state a Title VII retaliation claim. The court is compelled to reaffirm its dismissal of Doe's retaliation claim.

Accordingly, for the reasons stated above, the court finds that Doe has not met her burden to entitle her to relief under Federal Rule of Civil Procedure 59. Therefore, it is ORDERED that Doe's motion to reconsider (Doc. 44) is DENIED.

DONE this 30th day of April, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE